UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                         CASE NO. 8:21-cr-397-MSS-JSS

ABY RAUL RIVERA TORRES
_____

ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion to Suppress Unlawful Seizure and Search of Cellphone, (Dkt. 27) and the Government's response in opposition. (Dkt. 33) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Defendant's Motion to Suppress.

**I. BACKGROUND**

Defendant was charged in an Indictment on December 15, 2021. (Dkt. 15) In Count One, Defendant is charged with the production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). (Dkt. 15) In Counts Two, Three, and Four, Defendant is charged with distributing child pornography in violation of 18 U.S.C. § 2251(a)(2) and (b)(1). (Id.)

On February 4, 2022, Defendant filed a Motion to Suppress all evidence obtained from the seizure and search of his cellphone. (Dkt. 27) Defendant contends

1

the Government, through the assistance of a minor child, unlawfully searched his boat to seize his cellphone, which exceeded the scope of the lawful warrant for search of his residence. (Id.) Defendant asserts that the minor child who searched the boat and recovered the phone acted as an agent of the Government. (Id.) The Government contends the minor child acted on her own volition as a private individual during the search of the boat and did not act on behalf of the Government. (Dkt. 33)

For the reasons that follow, the Court **DENIES** Defendant's Motion to Suppress.

**II. LEGAL STANDARD**

The Fourth Amendment establishes that "right of people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The protections extended from the Fourth Amendment do not apply to a private individual not acting as an agent of the government or with the participation or knowledge of any government official. U.S. v. Jacobsen, 466 U.S. 109, 113 (1984). The Eleventh Circuit looks to two critical factors to determine whether a private party acts as an agent of the government: (1) whether the government knew of and acquiesced in the intrusive conduct and (2) whether the private actor's purpose was to assist law enforcement efforts rather than to further his own ends. U.S. v. Steiger, 318 F.3d 1039, 1045 (11th Cir. 2003). As part of the inquiry under the first prong, courts have considered whether the government had knowledge and

encouraged the search. U.S. v. Emile, 618 Fed. Appx. 953, 955 (11th Cir. 2015) (quoting U.S. v. Ford, 765 F.2d 1088, 1090 (11th Cir. 1985)). [1]

### III. DISCUSSION

The Parties agree as to the following material facts. On November 13, 2021, law enforcement was conducting surveillance of the residence where Defendant resided with his girlfriend and her minor children. (Dkt. 27 at ¶¶ 1, 2; Dkt. 33 at ¶ 12, 15) Law enforcement observed Defendant and minor children outside the residence. (Dkt. 27 at ¶¶ 11,12; Dkt. 33 at ¶¶ 15) Defendant was in a parked boat, which was secured to a trailer in the driveway at the residence. (Dkt. 27 at ¶ 11; Dkt. 33 at ¶ 15) Law enforcement approached and detained Defendant. (Dkt. 27 at ¶ 13; Dkt. 33 at ¶ 16) After Defendant was detained, law enforcement obtained valid search warrants for Defendant's person, cellphone, and residence. (Dkt. 27 at ¶¶ 10, 15; Dkt. 33 at ¶ 17)

Law enforcement began to execute the search of the residence. (Dkt. 27 at ¶ 16; Dkt. 33 at ¶ 19) An officer standing outside of the residence asked the minor children if they had seen Defendant with his cellphone. (Dkt. 27 at ¶¶ 17; Dkt. 33 at ¶ 19) The minor children answered in the affirmative. (Dkt. 27 at ¶ 18; Dkt. 33 at ¶ 19) With the permission of law enforcement, the children went inside the residence and told law enforcement to search the couch and recliner. (Dkt. 27 at ¶¶ 18, 19; Dkt. 33 at ¶ 19) Law enforcement proceeded to look in those areas but did not locate the phone. (Dkt. 27 at ¶ 20; Dkt. 33 at ¶ 20) One of the minor children stated she knew where to look

---

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000).

for the cellphone next. (Dkt. 27 at ¶ 21; Dkt. 33 at ¶ 20) Without prompting, the minor child left the house, entered the boat in the driveway and retrieved the cellphone from the boat. (Dkt. 27 at ¶ 21; Dkt. 33 at ¶ 20) The minor child gave the cellphone to law enforcement. (Dkt. 27 at ¶ 22; Dkt. 33 at ¶ 20)

### A. Whether the Government Knew of and Acquiesced in the Intrusive Conduct

Defendant argues that the minor child acted as a government agent because the Government knew that the minor child would search the boat and further agreed to and encouraged her behavior. (Dkt. 27 at ¶ 44) The facts do not support Defendant's assertion that the Government knew of and acquiesced in the minor child's intrusive conduct.

Coolidge v. New Hampshire, 403 U.S. 443 (1971) is informative. In Coolidge, the Supreme Court held, in part, that a search and seizure under the Fourth Amendment is not implicated where a private individual's action is not tainted by coercion or suggestions made by officers. Id. at 489-90. There, officers went to the defendant's home and asked his wife if there were any guns in the house. Id. at 486. The wife retreated into the home retrieved the guns and gave them to the officers. Id. The officers then asked the wife what the defendant was wearing on the night of the incident for which the husband had been arrested. Id. The wife provided the officers with the clothing. Id. The defendant sought to suppress the guns and clothes claiming they were the product of an unlawful search and seizure under the Fourth Amendment because that the wife acted as an instrument of the officers. Id. at 487. The Supreme

4

Court held, in part, that the wife was not acting as a government agent when providing the officers with the guns and clothes, noting that she provided the items "wholly on her own initiative." Id. at 487-90. Additionally, the Supreme Court held that the officers made no attempt to coerce the wife or direct her actions with suggestions. Id. at 489.

By contrast, in State v. Moninger, 957 So.2d 2, 5 (Fla. Dist. Ct. App. 2007), the court held, in part, that a search and seizure under the Fourth Amendment was implicated where an officer's suggestion and encouragement precipitated a private individual's action. In Moninger, detectives responded to the defendant's residence, where a minor also lived, to investigate an allegation of child molestation. Id. at 3. A detective conducted an interview with the minor and asked if she had anything to corroborate her claims of abuse. Id. The minor informed the detective that the defendant had condoms in his bedroom. Id. The detectives told the minor to retrieve her belongings and the condom from the home if she wanted to take them with her. Id. After this conversation, the minor went into the defendant's bedroom, retrieved the condoms, and gave them to the detectives. Id. The defendant sought to suppress the condoms claiming they were the obtained through an unlawful search and seizure because the minor acted as an instrument of the detectives. Id. The court held, in part, that the minor was acting as a government agent because she was complying with detective's instruction to retrieve the condoms, which led to her intrusive conduct inside the defendant's bedroom. Id. at 5.

In this present case, the salient facts are more akin to the facts in Coolidge than those at play in Moninger. Like the officers in Coolidge, law enforcement asked the children, without coercion or suggestion, if they knew where Defendant's phone was located. Unlike the detectives in Moninger, law enforcement did not direct or encourage the minor child to search the boat to retrieve the cellphone. Similar to the wife in Coolidge, the minor child searched the boat and retrieved the cellphone of her own volition. Further, unlike the detective in Moninger, law enforcement here did not know the minor child would board the boat and retrieve Defendant's cellphone. Thus, the Court finds that Defendant fails to satisfy the first factor under the Eleventh Circuit test: law enforcement's encouragement of, knowledge of, or acquiescence in the intrusive conduct that led to the discovery of the challenged evidence. Steiger, 318 F.3d 1045.

The Court need not address the second factor, whether the minor child's purpose was to assist law enforcement efforts rather than to further her own ends, because the facts fail to satisfy the first factor under the Eleventh Circuit test.

### IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Suppress Unlawful Seizure and Search of Cellphone, (Dkt. 27) is **DENIED.**

2. Defendant's Motion for Evidentiary Hearing and Oral Argument on the Defendant's Motion to Suppress Unlawful Seizure and Search of Cellphone, (Dkt. 28) is **DENIED**. The Court finds no disputed issues of

material fact pertinent to the resolution of the motion are presented on the moving papers or the response.

**DONE** and **ORDERED** in Tampa, Florida, on this 13th day of April 2022.

*/s/ Mary S. Scriven*
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record
Any *Pro Se* parties