UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:21-cr-397-MSS-JSS

ABY RAUL RIVERA TORRES

**UNITED STATES' MEMORANDUM
OF LAW REGARDING FORFEITURE**

The United States of America submits the following memorandum regarding the forfeiture sought in this case, outlining the statutory basis for the forfeiture, as well as the required standard of proof.[1]

**MEMORANDUM OF LAW**

The United States seeks to forfeit a black Samsung Galaxy S20+ cell phone, seized from the defendant's residence in or about November 2021, which was used or intended to be used to commit or to promote the commission of the (1) production of child pornography, as charged in Count One, and/or (2) distribution of child pornography, as charged in Counts Two through Four, and/or (3) possession of child pornography as charged in Count Five, and/or is property traceable to such property.

**I.   Background**

1. Count One of the Superseding Indictment charges the defendant with

---

[1] This memorandum is being filed in conjunction with the United States' proposed forfeiture finding.

production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). Counts Two through Four charge the defendant with distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). Count Five charges the defendant with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Doc. 44.

    2.    The forfeiture allegations of the Superseding Indictment notified the defendant that, under the provisions of 18 U.S.C. § 2253, the United States intended to forfeit the black Samsung cellphone. *Id.* at 3-5.

## II. Applicable Statutes

In sentencing a person convicted of production of child pornography, in violation of 18 U.S.C. § 18 U.S.C. § 2251(a), and/or distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and/ or possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), the Court's authority to forfeit specific assets is found in 18 U.S.C. § 2253. The United States may criminally forfeit, pursuant to 18 U.S.C. § 2253, any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property.

## III. Standard of Proof

Because forfeiture is an aspect of sentencing, the United States need only prove the elements of forfeiture by a preponderance of the evidence. *See United States v. Dicter,* 198 F.3d 1284, 1289-90 (11th Cir. 1999) (elements of forfeiture under

21 U.S.C. § 853(a)(1) and (a)(2) must be proven under the preponderance standard); *United States v. Hasson*, 333. F.3d 1264, 1278 (11th Cir. 2003) (extending preponderance standard to forfeiture cases under 18 U.S.C. § 982(a)(1)).

Moreover, the post-*Libretti* changes to federal sentencing law do not impact forfeiture. *See United States v. Booker,* 543 U.S. 220, 258 (2005) (18 U.S.C. § 3554, the provision in the Sentencing Reform Act which requires the district court to enter an order of criminal forfeiture at sentencing, is "perfectly valid"). This is so because, as the United States Court of Appeals for the Second Circuit observed, *Booker* "prohibit[s] a judicial increase in punishment beyond a previously specified range; in criminal forfeiture, there is no previously specified range." *United States v. Fruchter*, 411 F.3d 377, 383 (2d Cir. 2005) (holding that the Supreme Court's decisions in *Blakely* and *Booker* did not change the preponderance standard established in *Libretti*). The United States Court of Appeals for the Eleventh Circuit has held that the preponderance standard applies to forfeiture proceedings and that forfeiture proceedings are outside the *Apprendi* analysis. *United States v. Cabeza*, 258 F.3d 1256, 1257 (11th Cir. 2001) (per curiam) ("Because forfeiture is a punishment and not an element of the offense, it does not fall within the reach of *Apprendi*.").

## IV. Conclusion

Should the Court find the defendant guilty of any or all of Counts One through Five of the Superseding Indictment, the United States respectfully requests that the Court enter a finding as to whether the United States has established, by a

preponderance of the evidence, that the black Samsung Galaxy S20+ cell phone identified on page one, above, was used or intended to be used to commit or to promote the commission of the (1) production of child pornography, as charged in Count One, and/or (2) distribution of child pornography, as charged in Counts Two through Four, and/or (3) possession of child pornography, as charged in Count Five, and/or is property traceable to such property.

        Respectfully Submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   *s/Suzanne C. Nebesky*
        SUZANNE C. NEBESKY
        Assistant United States Attorney
        Fla. Bar No. 59377
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602
        Tel:   (813) 274-6000
        E-mail: suzanne.nebesky@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 9, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

                             *s/Suzanne C. Nebesky*
                             SUZANNE C. NEBESKY
                             Assistant United States Attorney