UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:21-cr-397-MSS-JSS

ABY RAUL RIVERA TORRES

### SENTENCING MEMORANDUM

The United States files this sentencing memorandum requesting a life sentence for defendant Aby Raul Rivera Torres and order restitution for the victims of the offenses.

**I.  Background**

**A.  Offense Conduct**

On November 13, 2021, the FBI arrested Torres on a criminal complaint for production of child pornography, in violation of 18 U.S.C. § 2251(a). Doc. 1. The complaint alleged that Torres was a member of an online social media group dedicated to discussing incestual child sexual abuse and sharing child sex abuse material ("CSAM") with group members. Between July 20, 2021, and August 2, 2021, Torres distributed to the group 12 CSAM images that he had produced of 8-year-old Minor Victim 1.

On November 13, 2021, the FBI conducted a search warrant at Torres' residence and seized his cellular phone. At the time law enforcement officers arrived at the residence, Torres was home alone with three minor children, including Minor Victim 1. The FBI also obtained a search warrant for Torres' cellphone. A forensic

1

analysis of the phone revealed Torres was in possession of approximately 667 CSAM images, including images depicting prepubescent females as young as 4 years old being sexually abused.

### B. Procedural History

On November 15, 2021, Torres appeared for his initial appearance. Doc. 10. The court ordered him detained. Doc. 11. On December 15, 2021, a federal grand jury returned a four-count Indictment charging Torres with one count of production, in violation of 18 U.S.C. §§ 2251(a) and (e); and three counts of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Doc. 15.

On May 4, 2022, a federal grand jury returned a five-count Superseding Indictment charging Torres with one count of production, in violation of 18 U.S.C. §§ 2251(a) and (e); three counts of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

On May 23, 2022, the court adjudicated Torres guilty as charged in the superseding indictment after conducting a bench trial. Doc. 59. Torres' sentencing hearing is scheduled for August 24, 2022. Doc. 65.

### II. Presentence Investigation Report

On August 10, 2022, probation issued its Final Presentence Investigation Report (PSR) as to the defendant. Doc. 72. Pursuant to the PSR, the defendant's applicable Guidelines range for the underlying offense is life; he has a criminal history

category of II; and the applicable period of supervised release is five years to life. PSR ¶ 123. The parties have set forth legal objections to the information stated in the PSR.

### III.     Argument for Life Imprisonment

The facts of this case and the defendant's predatory nature are egregious and demand a life sentence. A life sentence is necessary due to the nature and circumstances of the offense, to promote respect for the law, provide just punishment for the offense, afford adequate deterrence of these crimes, and for the protection of the public against further crimes of the defendant. *See* 18 U.S.C. § 3553(a). The United States recognizes that a sentencing court may not presume that a sentence within the advisory guideline range is reasonable; however, the Guidelines remain a significant and pivotal component of the sentencing process. The Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009). Section 3553(a)(1) provides that, in determining a sentence, courts must consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant. Additional factors outlined in § 3553(a)(2) include the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other corrective treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). A

consideration of these factors warrants a life sentence.

### A.     Nature and Circumstances of the Offense

The nature and circumstances of the offense are appalling. Torres relocated to the Middle District of Florida during the COVID-19 pandemic in the fall of 2020 while out on state bond for a child exploitation charge. Once he arrived, he began a dating relationship with Minor Victim 1's mother and quickly moved into her residence, where he had unrestricted access to 8-year-old Minor Victim 1. During the child forensic interview, Minor Victim 1 explained that Torres would sexually abuse her when no one was around. She described Torres as being "sneaky". He frequently came into Minor Victim 1's room and sexually assaulted her by penetrating Minor Victim 1's anus and vagina with his penis. On at least one occasion, Minor Victim 1 said Torres offered her money if she let him put his penis in her butt. Minor Victim 1 asked Torres to stop sexually assaulting her but he did not. In addition, Torres forced Minor Victim 1 to touch his erect penis on multiple occasions. Minor Victim 1 reported the abuse to her mother, but her mother didn't do anything to keep her safe. It wasn't until the FBI showed up to Minor Victim 1's house with a search warrant and arrested Torres that the sexual abuse stopped. Minor Victim 1 told law enforcement officers that Torres had sexually assaulted her the same morning of the search warrant.

Post-*Miranda*, Torres admitted to taking the sexually explicit photos of him abusing Minor Victim 1 described in paragraphs 12-14 of the PSR. He stated that he took the pictures of Minor Victim 1 when she was left in his care and custody. Torres

admitted he sold a few of the pictures to others via CashApp for approximately $100 per photo. He told agents he sold photos to approximately three or four people.

In this case, the nature and circumstances of the offense weigh heavily against the defendant. The pervasiveness of Torres' sexual abuse of Minor Victim 1, which occurred over an extended period of time, demonstrates that Torres did not have a solitary lapse in judgment. Torres was calculated and repeatedly sexually abused Minor Victim 1 when she was left in his care and custody. The nature and circumstances of the offense dictate the need for a lifetime of incarceration.

### B. History and Characteristics of the Defendant

Torres is a child predator. *See* PSR ¶¶ 74-77. Minor Victim 1 is not Torres' first victim. In 2018, Torres was in a dating relationship with S.S. in Galveston, Texas. On or about March 21, 2018, S.S. reported to the Texas City Police Department that she suspected Torres sexually abused her 11-year-old daughter. According to S.S., she went to the gym and left her daughter ("Minor Victim 2") with Torres at her home. While at the gym, S.S. received a call from Minor Victim 2. Minor Victim 2 stated that she went to give Torres a hug and touched Torres' erect penis while he was lying in bed. When questioned by police, Minor Victim 2 explained that she was in her bedroom getting ready for school when Torres came into her room and asked her what she was doing. Minor Victim 2 explained that she was getting ready for school and Torres told her to come and give him a hug when she was finished. Minor Victim 2 told police she went into Torres' room to give him a hug and *accidentally* brushed up against his penis. Based on the minor victim's statement and Torres' corroborating

statement, the Texas City Police Department closed the investigation because the incident appeared to be unintentional. Two years later, however, Minor Victim 2 disclosed that Torres did in fact force her to touch his penis in 2018 and he had been sexually abusing her ever since.

On or about April 11, 2020, Minor Victim 2 told her mother that Torres had been sexually assaulting Minor Victim 2 on multiple occasions over the course of two years. Minor Victim 2 reported to the Texas City Police Department that Torres would push his erect penis up against Minor Victim 2 when he hugged her, and he would force her to touch his penis while he was clothed and unclothed. Minor Victim 2 recalled that on at least one occasion, while at the pool, Torres would make Minor Victim 2 touch his penis while he was underwater. On another occasion, Torres vaginally penetrated Minor Victim 2 while they were in the pool. Additionally, in an apparent attempt to groom Minor Victim 2, Torres forced Minor Victim 2 to watch child pornography with him. Minor Victim 2 explained that she did not report the abuse because she was fearful it would ruin her mother's relationship with Torres and was afraid something bad would happen to her mother. Minor Victim 2 finally felt comfortable reporting the abuse when her mother ended her relationship with Torres. On July 17, 2020, law enforcement officers in Galveston, Texas, arrested Torres for aggravated sexual assault of a child based on his abuse of Minor Victim 2. PSR ¶ 74. Torres posted bond on August 10, 2020. *Id*.

According to Minor Victim 1's mother, Torres relocated to Florida shortly after posting bond in the fall of 2020. It was at this time that Torres began a dating

relationship with Minor Victim 1's mother and began to sexually abuse Minor Victim 1. The abuse continued up until the time of his arrest on November 13, 2021.

In addition to actively sexually abusing minors in his care, custody, and control, Torres exploits children by viewing and collecting CSAM for his own sexual gratification. Prior to his federal arrest in this case, Torres was charged in three separate cases of possessing child pornography based on conduct from February 2020 in Galveston, Texas. *See* PSR ¶¶ 75-77.

Torres is precisely the kind of individual for which Congress "directed the Commission to ensure lengthy incarceration"—offenders who engage in a pattern of activity involving the sexual abuse or exploitation of minors.  USSG § 4B1.5 app. notes. He has a pattern of sexually exploiting young girls entrusted in his care and custody. His proven track record dictates the need for a lifetime of incarceration.

    **C.**    **Seriousness of the Crime, Promote Respect for the Law, and Need for Just Punishment**

Torres' criminal history as described in the PSR and outlined above, demonstrate the need for the sentence imposed in this case to reflect the seriousness of the crime, promote respect for the law, and provide just punishment is significant. As the Eleventh Circuit explained in a child exploitation case, "the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime." *United States v. Irey*, 612 F.3d 1160, 1206 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1813 (2011).  "Child sex crimes are among the most egregious and despicable of societal and criminal offenses ...." *United States v. Sarras*, 575 F.3d 1191,

7

1220 (11th Cir. 2009) (discussing how courts have upheld lengthy sentences in cases involving child sex crimes as substantively reasonable). Congress has explained that the "just deserts" concept in sentencing is a means of reflecting the "gravity of the defendant's conduct," as well as the "harm done or threatened by the offense." S.Rep. No. 98-225, at 75-76, 1984 U.S.C.C.A.N. 3258-59. Because "[t]he seriousness of the crime varies directly with the harm it causes or threatens ..." this Court should impose the maximum sentence possible. *Irey*, 612 F.3d at 1206. The sexual abuse committed by Torres is egregious and undoubtedly inflicted irreparable harm on Minor Victim 1. She (and all of Torres' victims) will forever need the benefit of therapeutic treatment as she matures throughout life and learns to develop appropriate and healthy relationships. The significant harms inflicted and threatened by Torres' conduct designate the seriousness of the offense and the need for a lifetime of imprisonment.

D. **Adequate Deterrence to Criminal Conduct and Need to Protect the Public from Further Crimes of the Defendant**

The Seventh Circuit has explained why deterrence is so important for crimes involving the sexual abuse of children, including child pornography. *See United States v. Goldberg*, 491 F.3d 668 (7th Cir. 2007). "Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor." If sentences are more severe, like-minded individuals will be deterred, and the incarceration of those convicted of such crimes will help to protect the public. Furthermore, the Supreme Court has noted "grave concerns over the high rate of recidivism among convicted sex offenders and their dangerousness as a

class...." *Smith v. Doe*, 538 U.S. 84, 103 (2003). Torres' pattern of sexually exploiting minors is evidence of his recidivism. Accordingly, there is a strong need to protect the public from further crimes of the defendant.

To abate similar conduct in the future, this Court should impose a severe sentence that will serve as a warning to individuals considering similar conduct. A lengthy sentence will deter comparable activities and convey that such behavior is unacceptable and will be adjudicated harshly within the Eleventh Circuit. Moreover, there is a strong need to protect the public from further crimes of defendant. He has a history of sexually abusing children. Torres has not demonstrated any signs of changing his predatory ways, and he continues to pose a serious danger to society. By repeatedly sexually exploiting minors, Torres has volunteered to illustrate the repercussions for behavior civilized society deems unacceptable.

**IV.      Conclusion**

The defendant's sentence should fairly account for the history of his predatory nature and the scope of his criminal endeavors, acknowledge the harm that he has caused to the child victim, and acknowledge the severe ramifications of his actions. For the aforementioned reasons, the United States respectfully requests that this Court issue the only reasonable sentence for the defendant—life imprisonment.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:     */s/ Lisa M. Thelwell*
Lisa M. Thelwell
Assistant United States Attorney
Florida Bar No. 100809
400 N. Tampa Street, Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6178
E-mail: lisa.thelwell@usdoj.gov

U.S. v. Torres                                      Case No. 8:21-cr-397-MSS-JSS

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Adam Nate, AFD

                                        */s/ Lisa M. Thelwell*
                                        Lisa M. Thelwell
                                        Assistant United States Attorney
                                        Florida Bar No. 100809
                                        400 N. Tampa Street, Ste. 3200
                                        Tampa, FL 33602-4798
                                        Telephone: (813) 274-6000
                                        Facsimile: (813) 274-6178
                                        E-mail: lisa.thelwell@usdoj.gov